**DENIED and Opinion Filed October 17, 2023**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00948-CV

### IN RE CHI YEN TRAN, Relator

**Original Proceeding from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-55653-2018**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Reichek

In her September 27, 2023 petition for writ of mandamus, relator seeks relief from the trial court's July 7, 2023 "Agreed Final Order."

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See, e.g.*, TEX. R. APP. P. 52.1, 52.3(j), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator included such a statement but failed to sign it. The petition, therefore, lacks an appropriate certification.

Additionally, Rule 52.7(a)(1) requires the relator to file with her petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.7(a)(2) requires the relator to file a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. TEX. R. APP. P. 52.7(a)(2). The documents contained in relator's record are not all certified or sworn copies. And relator failed to include either a transcript or statement in accordance with rule 52.7(a)(2).

Accordingly, we deny relator's petition for writ of mandamus.

/Amanda L. Reichek/
AMANDA L. REICHEK
230948F.P05                         JUSTICE

–2–